**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN D. REED,
        Appellant,

        v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-15-0467-I-1

DATE: November 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Eli J. Turner, Lewis Center, Ohio, for the appellant.

Gina M. MacNeill, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as untimely.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 On May 20, 2015, the appellant appealed his removal from the position of City Letter Carrier and requested a hearing. Initial Appeal File (IAF), Tab 1. The appellant filed his appeal after the agency issued a final agency decision (FAD) on his equal employment opportunity complaint regarding his removal finding no discrimination. *Id.* The agency's FAD is dated April 2, 2014. *Id.* at 24.

¶3 Because the appellant filed his appeal over a year after the FAD was issued, the administrative judge ordered the appellant to file evidence and argument establishing the timeliness of his appeal or good cause for the delay. IAF, Tab 3. The appellant did not respond to this order. IAF, Tab 7, Initial Decision at 4. The administrative judge issued an initial decision, without holding a hearing, dismissing the appellant's appeal as untimely filed. *Id.*

¶4 The appellant has filed a petition for review alleging that his appeal was untimely because he did not receive the FAD. Petition for Review (PFR) File, Tab 1. The appellant also explained that stress from being removed from his position, combined with health, marital, and financial problems, may have

contributed to him filing his appeal late.  *Id.*  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶5    The appellant was required to file his appeal within 30 days of the date he or his representative received the agency's final decision on the discrimination complaint, whichever is earlier.  *Foley v. Department of Health & Human Services*, 84 M.S.P.R. 402, ¶ 5 (1999); 5 C.F.R. § 1201.154(b)(1).  Under the Board's regulations, the appellant is deemed to have received the agency's decision if it was received by his designated representative.  5 C.F.R. § 1201.22(b)(3).  If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c).

¶6    To establish good cause for an untimely appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if the appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely for his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996).  The appellant bears the burden of proof with regard to timeliness, which he must establish by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶7    According to the evidence produced by the agency, the appellant's representative received the FAD on April 5, 2014, and the appellant received it on April 14, 2014.  IAF, Tab 6, Subtabs 4c-4d.  The FAD informed the appellant of his appeal rights, the time limits for filing his appeal, and the Board's address. IAF, Tab 1 at 23-24.  The appellant's 1-year delay in filing his appeal is not

minimal.  *See De La Cruz Espan v. Office of Personnel Management*, 95 M.S.P.R. 403, ¶ 5 (2004) (finding that a 50-day filing delay was not minimal and did not provide a basis for waiving the filing deadline).

¶8      Although the appellant claims that he did not receive the FAD despite the agency's evidence confirming delivery, he has not offered any evidence or argument regarding whether his representative received the FAD.  Receipt by an appellant's designated representative constitutes constructive receipt by the appellant.  *See Earls v. Department of the Treasury*, 95 M.S.P.R. 391, ¶ 4, *aff'd*, 113 F. Appx 924 (2004);  5 C.F.R. § 1201.22(b)(3).  The appellant has described the stressors that may have contributed to his late filing, but it is well established that general family difficulties do not constitute good cause for waiver of a filing deadline.  *See Moorman*, 68 M.S.P.R. at 63.

¶9      The Board will find good cause for waiver of its filing time limits if a party demonstrates that he suffered from a physical or mental condition that affected his ability to file on time.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  The appellant refers to several health problems that may have contributed to his appeal being untimely.  PFR File, Tab 1 at 3.  To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which he suffered from the illness, (2) submit medical evidence showing that he suffered from the alleged illness during that time period, and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time.  *Lacy*, 78 M.S.P.R. at 437.  The administrative judge provided the appellant with explicit information regarding the legal standard for establishing good cause for an untimely filing based on an illness in her order on timeliness.  IAF, Tab 3 at 3-4.  The appellant did not respond to that order and has not submitted any evidence to support his contention that his medical conditions may have contributed to his failure to timely file his appeal.

¶10      Accordingly, we find no basis on review to disturb the administrative judge's finding that the appeal is untimely without good cause shown.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                                   _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.